The Honorable Randy Laverty State Representative P.O. Box 303 Jasper, Arkansas 72641-0303
Dear Representative Laverty:
You have requested clarification of Attorney General Opinion No.97-399 in light of additional information, which you have provided.
In Opinion No. 97-399, I addressed the following question:
 What is the required number of signatures by qualified electors on a referendum petition for submission of a county bond ordinance to a vote of the people if there was no tabulation of the votes cast in the last general election for the office of circuit clerk?
In response to the above question, I opined that although Arkansas law does not specifically address a situation where there was no tabulation of the votes cast in the last general election for the office of circuit clerk, it does provide authority upon the basis of which the county clerk, in such a situation, can require that a referendum petition for submission of a county bond ordinance to a vote of the people be signed by at least 15% of the qualified electors who voted in the last general election for the office of governor.
You have now asked the answer to the same question in light of the fact that there was no race for the office of governor in the last general election, and in light of the fact the votes cast in the election for the office of circuit clerk were not tabulated in either of the last two general elections.
It is my opinion that in the situation you describe, the number of signatures required on the petition should be calculated on the basis of the number of votes cast in the last general election that was held for the office of governor — even if that was not the most recent general election.
I base this conclusion on the language of A.C.A. § 14-14-914, which states:
 (c) PETITION BY ELECTORS. The qualified electors of each county may initiate and amend ordinances and require submission of existing ordinances to a vote of the people by petition if signed by not less than fifteen percent (15%) of the qualified electors voting in the last general election for the office of circuit clerk, or the office of Governor where the electors have abolished the office of circuit clerk.
A.C.A. § 14-14-914(c).
The above-quoted statute simply refers to "the last general election" when referring to both the circuit clerk's race and the governor's race. It does not specify that the "last general election" must be the most recent general election.
It is my opinion that the statute does not so specify for the very reason that every general election does not include races for circuit clerk and governor. I interpret this plain language to refer, rather, to the last general election in which a race for circuit clerk or for governor (as the case may be) was held. That election clearly may have been a general election other than the most recent one.
For this reason, it is my opinion that where the votes for circuit clerk were not tabulated in either of the last two general elections, it is reasonable (for the reasons set forth in Opinion No. 97-399) to calculate the required number of signatures for a petition on the basis of the number of votes cast in the last general election that was held for the office of governor — even if that election was not part of the most recent general election.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh